UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Bert John Allen, III

   v.                                      Case No. 21-cv-155-JL

U.S. Dep't of Homeland Security et al.

### REPORT AND RECOMMENDATION

Bert John Allen, who is proceeding pro se, filed a complaint in Rockingham Superior Court. The defendants removed Mr. Allen's complaint to this court under 28 U.S.C. § 1442(a)(1) and now move to dismiss it for lack of subject matter jurisdiction. For the reasons that follow, it is recommended that the district judge grant defendants' motion and dismiss Mr. Allen's suit, rendering Mr. Allen's remaining motions moot (Doc. Nos. 17-20).

### Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), when considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pled allegations as true but, where necessary, also considers evidence submitted by the parties. Reyes-Colon v. United States, 974 F.3d 56, 59 (1st Cir. 2020); Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014). The court liberally construes filings and pleadings by pro se parties, and the court has done

its best to "intuit the correct cause of action" based on the facts and theories alleged in Mr. Allen's complaint.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); Tierney v. Town of Framingham, 292 F. Supp. 3d 534, 540-41 (D. Mass. 2018).  Although the court provides a liberal construction of the pleadings, it cannot credit "bald assertions . . . or problematic suppositions." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).  Moreover, a party's pro se status does not excuse him from complying within procedural and substantive law. See Ahmed, 118 F.3d at 890.

## Background

A.  Complaint

Mr. Allen initially filed this complaint in Rockingham Superior Court.  The complaint names the United States Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS") and Laura Zuchowski, Director of the Vermont Service Center, as defendants.  The complaint states that it seeks "[t]o enforce medical privacy laws and benefits to the state of new Hampshire," "[t]o stop a summarily stopping of benefits done to my wife and family," "to stop her ability to testify against her abusers, and the abusers of my self," "[a]nd hiding of rape of my self in Singapore that made them drop me in Singapore just

one month before I saw my wife." Doc. 1-2 at 3. It states that "[t]he US department of justice hiding a case from the courts, and attorney general of state of newhampshire. The white washing of my affidavit lists case they hiding she director is Zuchowski she is hiding a lot of crimes under DHS case no 20-CV-6692 central district Transnational gang crimes covered by executive order sighed by are president. of California USA plaintiff v. mylife.com 20-CV-6692." Id. The complaint quotes what appears to be a press release about a civil suit involving a website called "mylife.com."

The complaint continues in this fashion. It notes that Mr. Allen is sick and needs surgery to correct a heart condition and that his wife needs new teeth "so she could eat and look pretty again." Id. at 6. The complaint states that the "actions of the agency have abused me and my wife." It is suggested that Mr. Allen requires an approved Form I-130 from USCIS to obtain his surgery. The complaint concludes:

> TRIAL REQUEST REQUEST AND OF ACTION WITH ATTORNEY GENERAL request of convention against torture actions the papers where used made pia take a lost of MERIT so are baby was publicly cane whipped til she dropped it. I had gone to Thailand 13,14 October 2017 to pick-up documents for I-130 5 months later the junta took it out on pia we lost are child. Because of private paperwork. From newhampshire that the agency where not to have. I am looking for help from attorney general of newhampshire so immigration and DHS will stop. What they created with mylife.com that they going to take all money away for us victims. A 100 million, I have persons removing records and selling them to the gangs this is

3

> a new union doing this. The director white washs my lists of affdavids of the case for 3 years for imgration and DHS. Help they are hurting my wife every week and family members.

Id. at 8.

B. Affidavit of Allison Dersch

In support of its motion to dismiss under Rule 12(b)(1), the defendants submitted the affidavit of Allison Dersch, who is a supervisory immigration services officer with USCIS and works at the Vermont Service Center, which adjudicates I-130 immigration petitions. She avers that in November 2017, John Bert Allen III filed an I-130 petition, which allows United States citizens and lawful permanent residents to obtain visas for individuals with a qualifying relationship to the petitioner,[1] on behalf of Piyanut Thongkhaeng. USCIS issued a notice of intent to deny the petition in March 2019, and it notified Mr. Allen that the petition had "potential issues" under the Adam Walsh Child Protection and Safety Act, meaning that Mr. Allen appeared to have a criminal history that includes certain offenses against minors. See doc. 11-1 at 2-3.[2] USCIS

---

[1] See 8 C.F.R. §§ 204.1(a)(1) ("Petitions may be filed for an alien's classification as an immediate relative . . . based on a qualifying relationship to a citizen or lawful permanent resident of the United States."), 204.2 (detailing the qualifying relationships and requirements).

[2] Citing Ms. Dersch's affidavit, the defendants state in their motion to dismiss that Allen was convicted in Maine in October 2000 of unlawful sexual conduct against a victim under

4

denied Mr. Allen's I-130 petition in July 2019.  Mr. Allen appealed the denial to the Board of Immigration Appeals, which remanded the petition in June 2020 for further action.  Mr. Allen then filed this suit in December 2020.  After Mr. Allen filed this suit, USCIS issued a second notice of intent to deny to Mr. Allen in July 2020 and denied the petition in May 2021.

## Discussion

The defendants contend that, construing Mr. Allen's complaint liberally, his claim is that "USCIS erred in denying his Form I-130, Petition for Alien relative to allow his wife's entry into the United States." Doc. 11 at 1.  The defendants assert that the court lacks jurisdiction over Mr. Allen's complaint because the Secretary of Homeland Security has unreviewable discretion to deny I-130 petitions when the petitioner has been convicted of a specified offense.  Mr. Allen filed an objection, which rehashes the allegations made in his complaint, accuses Ms. Dersch of being a white supremacist and counsel for the defendants of "white washing," and provides commentary about immigration policy issues and Mr. Allen's health.

---

13 years old.  Ms. Dersch, however, does not identify the crime for which Mr. Allen was convicted in her affidavit.

5

    A.   <u>Jurisdiction</u>

Under the Immigration and Nationality Act, "any citizen of the United States claiming that an alien is entitled to classification [as] . . . an immediate relative" can "file [an I-130] petition" to secure the noncitizen's entry. 8 U.S.C. § 1154(a)(1)(A)(i); <u>see also</u> 8 C.F.R. §§ 204.1(a)(1), 204.2. An exception, however, exists for an I-130 petitioner who has been convicted of a "specified offense against a minor"; under that exception, the I-130 petition must be denied unless the Secretary of Homeland Security in their "sole and unreviewable discretion, determines that the [petitioner] poses no risk to the alien." 8 U.S.C. § 1154(a)(1)(A)(viii)(I); <u>see also</u> 34 U.S.C. § 20911 (defining "specified offense against a minor").

Ms. Dersch's affidavit establishes that Mr. Allen's I-130 petition was rejected under § 1154(a)(1)(A)(viii)(I). Therefore, the court lacks subject matter jurisdiction to hear Mr. Allen's challenge to the Secretary's denial of his I-130 petition. <u>See, e.g.</u>, <u>Roland v. United States Citizen and Immigration Services</u>, 850 F.3d 625, 629 (4th Cir. 2017); <u>Privett v. Sec'y Dep't of Homeland Sec.</u>, 865 F.3d 375, 381 (6th Cir. 2017); <u>Bremer v. Johnson</u>, 834 F.3d 925, 930 (8th Cir. 2016).

    B. <u>Other Claims</u>

Mr. Allen may have intended, as he suggests in his

objection, to assert other claims against the defendants besides challenging the outcome of his I-130 petition. However, where the court cannot make any sense out of an incoherent complaint, even after construing it liberally and in the light most favorable to plaintiff, the complaint should be dismissed as frivolous. See Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). Indeed, Mr. Allen's complaint is too incoherent to determine what, exactly, any other claims he seeks to raise would be about or how they would implicate any actions of the defendants unrelated to the denial of Mr. Allen's I-130 petition, which, as just discussed, the court lacks jurisdiction to address. Therefore, to the extent Mr. Allen sought to raise any other claims, they should be dismissed as frivolous. See id. (stating that complaint can be dismissed as frivolous if "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption"); see also Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) (noting that district courts have authority to dismiss frivolous or malicious lawsuits even without specific statutory authorization).

## Conclusion

For the foregoing reasons, it is recommended that the district judge grant the defendants' motion to dismiss for lack

of jurisdiction (Doc. No. 11), dismiss the complaint, deny all of the remaining pending motions (Doc. Nos. 17-20) without prejudice as moot, and direct that judgment be entered and that the case be closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                                Andrea K. Johnstone
                                                United States Magistrate Judge

August 5, 2021

cc:  Bert John Allen III, pro se
     Terry L. Ollila, Esq.